OPINION
{¶ 1} Defendants-appellants, Convenient Food Mart, Inc. ("Convenient") and Oak Real Estate, Inc. ("Oak") appeal from the decision of the Lake County Court of Common Pleas, granting summary judgment and awarding declaratory judgment in favor of intervening plaintiff-appellee, Atwell Properties, Ltd. ("Atwell"). For reasons set forth below, we affirm the decision of the trial court.
 {¶ 2} The facts in this case are substantially undisputed. On or about October 18, 1982, a lease agreement was entered into between Ohio Convenient Food Mart, Inc., predecessor to Convenient, as lessee and Bernard, Sr. ("Bernard, Sr.") and Mary Jean ("Mary Jean") Atwell, as lessors, for property located at 185 Chestnut Street in Painesville, Ohio, ("the premises") on which Convenient Food Mart store 3-125 was to be constructed. Pursuant to Section 2(a) of the lease, the length of the original lease term was to be 15 years, commencing from the date that the premises was ready for the opening of business. Section 2(b) of the lease required a written confirmation of the beginning and expiration dates of the lease term, immediately after the beginning date of the lease. It is undisputed that the original parties to the lease never completed a specific writing confirming the beginning and ending dates of the lease. Furthermore, Section 2(c) of the lease required that the Lessor and Lessee also execute a short form of the lease, which was to be used for recording purposes. There is nothing on the record indicating that either party ever completed this short form lease.
 {¶ 3} On February 15, 1994, Bernard, Sr. died, and the premises subsequently passed via his will to his five sons. His sons subsequently transferred their interest, by quit-claim deed, to a newly-formed limited liability company, Atwell Properties ("Atwell"), the successor-in-interest to Bernard, Sr. and Mary Jean with respect to the lease.
 {¶ 4} Section 4 of the lease granted two five-year options for renewal, to be exercised by the giving of written notice to the lessor, six months prior to the expiration of the original term, and then six months prior to the expiration of the first renewal term. The first option to renew was exercised by a letter dated June 24, 1997, by John C. Call, the President of Convenient. This letter, addressed to Bernard, Sr. and Mary Jean, specifically stated that the first renewal option period would commence on January 1, 1998, and continue up to, and including, December 31, 2002. Atwell accepted this letter as a valid exercise of the first renewal option, and the lease continued to be in full force and effect for the first renewal period.
 {¶ 5} On July 26, 2002, Atwell's legal counsel sent a letter to Oak, agent for Convenient's real estate matters, stating that the second option to renew had not been exercised in a timely manner. On August 15, 2002, Edward Suzak ("Suzak"), Vice President of Oak, sent a letter addressed to Bernard, Sr. and Mary Jean, claiming that pursuant to Section 2(a) of the lease, the time to exercise the option had not yet occurred and notifying them of Oak's intention to exercise the second five-year renewal option.
 {¶ 6} On August 22, 2002, Convenient and Oak filed suit against Bernard, Sr. and Mary Jean in the Lake County Court of Common Pleas, seeking judgment declaring that Convenient validly exercised the second renewal option on the lease for the premises and enjoining Bernard, Sr. and Mary Jean from interfering or disturbing their possession of said premises pending the outcome of the litigation. Convenient and Oak also sought judgment from the trial court declaring a date certain for the termination of the second lease.
 {¶ 7} On September 16, 2002, Mary Jean responded, admitting to the lease, the provisions under Section 2, and that the lease provides for two five-year renewal options. Mary Jean also admitted that Convenient validly exercised its first five-year option, but denied that their notice to exercise the second option was timely. Mary Jean also asserted five affirmative defenses, the most important of which were that Convenient failed to join a necessary party under Civ.R. 19 and that she no longer had interest in the premises after the death of Bernard, Sr., as the result of its conveyance by will to their sons. On the same date, Atwell filed a motion to intervene with the court, which was granted.
 {¶ 8} On November 13, 2002, Atwell filed an intervener complaint for declaratory judgment, requesting that the court declare the October 18, 1982 lease valid between Atwell as lessor and Convenient Food Mart as lessee, and to further declare that Convenient, through its agent, Oak, did not timely exercise the second option for renewal. Finally, Atwell requested that the court declare the lease expired on December 31, 2002.
 {¶ 9} On November 29, 2002, Convenient and Oak filed their answer to Atwell's complaint, and incorporated all of the allegations for their original complaint as counterclaims against Atwell.
 {¶ 10} On December 27, 2002, both Mary Jean and Atwell filed separate motions for summary judgment. Attached to Atwell's motion for summary judgment was an affidavit from Bernard Atwell, Jr. ("Bernie"), along with a copy of the first renewal letter, which stated that the first option covered the period from January 1, 1998, through December 31, 2002. Also attached was the letter from Atwell's attorney to Suzak, notifying him of the second option's expiration and the letter from Suzak to Bernard, Sr. and Mary Jean expressing Oak's intention to exercise the second renewal period option. The motion also contained an affidavit from Mary Jean, stating she had no interest in the premises, along with a certified copy of the lease, which Mary Jean claimed was drafted by Convenient's predecessor in interest, as well as a certificate of transfer of the property to her five sons and a deed transferring the property to Atwell.
 {¶ 11} On February 21, 2003, Convenient and Oak filed their brief in opposition to Atwell's motion for summary judgment, claiming that the second option was timely exercised, because Atwell, or its predecessors in interest, failed to confirm in writing when the term of the lease began. In the alternative, they argued that even if the court accepted that June 30, 2002 was the deadline to exercise the option, Oak had timely exercised by orally notifying Atwell that it had an interest in extending the term of the lease beyond the second renewal period.
 {¶ 12} On February 25, 2003, Convenient and Oak voluntarily dismissed their case against Bernard, Sr. and Mary Jean Atwell. On the same day, they filed a Civ.R. 15 motion to file an amended answer and counterclaims to Atwell's complaint for declaratory judgment. The trial court denied this motion on April 25, 2003.
 {¶ 13} On March 4, 2003, Atwell moved, pursuant to Civ.R. 56(E), for additional time to respond to Convenient and Oak's brief in opposition to Atwell's motion for summary judgment. Convenient and Oak did not object to the extension and the court subsequently granted Atwell's motion on March 10, 2003. Also on March 10, the court denied Mary Jean's motion for summary judgment as moot, because the case against her and Bernard, Sr. was dismissed. Atwell ultimately filed their response brief on March 27, 2003. Convenient and Oak filed a surreply brief with the court on April 15, 2003.
 {¶ 14} On September 22, 2003, the trial court granted summary judgment in favor of Atwell. The court specifically found that "Atwell pointed to evidence affirmatively demonstrating that * * * Convenient and Oak have no evidence to support their claims. Conversely, * * * Convenient and Oak have failed to set forth specific facts showing there is a genuine issue for trial." The court then declared (1) "that the lease dated October 18, 1982 was a valid lease between Atwell Properties Ltd. as lessor and Convenient Food Mart, Inc. as lessee; (2) that Convenient Food Mart, Inc., through its agent, Oak Real Estate, Ltd., did not timely exercise the second option for renewal under the lease; and (3) that the lease expired on December 31, 2002." {¶ 15} Convenient and Oak timely appealed, asserting the following assignments of error:
 {¶ 16} "[1.] The Trial Court Erred in Granting Summary Judgment to Atwell Finding a Forfeiture of Oak and Convenient's remaining Option to Renew the Term of the Lease.
 {¶ 17} "[2.] The Trial Court Abused its Discretion in Refusing to Grant Oak and Convenient Leave to Amend Their Answer after Granting Atwell Leave to Intervene in the Case."
 {¶ 18} In their first assignment of error, Convenient and Oak argue that summary judgment was improper, since genuine issues of material fact exist as to whether Oak and Convenient timely exercised their remaining option to renew the term of the lease. In the alternative, Convenient and Oak argue that even if they did not timely exercise the remaining option, the trial court abused its discretion by granting Atwell summary judgment, because "genuine issues of material fact exist as to whether equitable principles required the enforcement of the allegedly belated renewal notice."
 {¶ 19} As both of these arguments pertain to the propriety of summary judgment, we now discuss the applicable standards of review. "Summary judgment is a procedural device to terminate litigation and to avoid formal trial when there is nothing to try. It must be awarded with caution * * *." Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359
(citation omitted). Summary judgment is proper when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. See Harless v. Willis DayWarehousing Co., Inc. (1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C). "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107. In reviewing a motion for summary judgment, the court must construe the evidence in the light most favorable to the nonmoving party. Doe v.Shaffer, 90 Ohio St.3d 388, 390, 2000-Ohio-186. Moreover, an appellate court conducts a de novo review of the trial court's decision to grant summary judgment. Id.
 {¶ 20} Therefore, the dispositive issue this court is asked to address is whether there is a genuine issue of material fact with respect to the beginning date of the lease term. As mentioned earlier, Section 2(a) of the lease provides, in pertinent part: "The term of this lease shall begin on the date of the completion of improvements consisting of construction of a food mart and parking lot * * *; the obtaining, whenever required, of a certificate * * * permitting occupancy of the demised premises; and the completion of the installation of all equipment and fixtures * * * so that the demised premises shall be ready for the opening of business * * * and shall terminate on the last day of the full One Hundred Eightieth (180th) month from the date of the commencement of the within lease."
 {¶ 21} Section 2(a), thus identifies the opening of the store for business as the presumptive beginning of the lease term. Atwell offered evidence in its complaint that the premises opened for business in late December, 1982, and also provided evidence, in the form of an initial operating sublease for the Convenient Food Mart Store 3-125, which indicated that the stated term for the sublease ran from "1-1-83 to 1-1-98."
 {¶ 22} In its motion for summary judgment, Atwell included evidence, in the form of a sworn, true copy of a letter from John C. Call, President of Convenient, that the first five year renewal option was exercised "for the period commencing January 1, 1998 continuing through and including December 31, 2002." Atwell thus satisfied its burden under Civ.R. 56(C). In response, Convenient and Oak offered the affidavit of Suzak, which reiterated that the beginning and expiration dates of the lease were never confirmed in writing, as required by Section 2(b) of the contract and alleging that Oak made substantial and costly improvements to the premises, including the installation of underground gasoline storage tanks and related equipment.
 {¶ 23} Convenient and Oak argue it was the responsibility of Atwell and its predecessors to confirm the lease dates under the contract. However, Section 2(b) specifically requires that the "beginning and expiration dates of the term hereof shall be confirmed in writing byLessor and Lessee immediately after the beginning date." (emphasis added). Thus, this responsibility was delegated to both parties according to the express terms of the lease. It is a well-settled principle of contract law that "waiver of a contract term occurs when a party conducts itself in a manner inconsistent with an intention to insist on that term." World Championship Wrestling, Inc. v. GJS Int'l, Inc. (C.A. 7, 1999), No. 98-31271999 U.S. App. LEXIS 18704, at *8. By failing to insist on enforcement of these terms, Convenient and Oak may not now claim that failure to satisfy this condition precludes a determination of a beginning date of the lease, where the subsequent conduct of the parties has evinced a mutual understanding of that date.
 {¶ 24} Atwell responded to Oak's allegations that they made valuable improvements by offering evidence which showed the gasoline storage tanks were installed in 1982 by Convenient and Oak's predecessor in interest, rather than by Oak. Atwell also offered as evidence a letter dated January 23, 1998, which indicated that Oak became involved as an agent for Convenient in real estate matters effective January 1, 1998. In addition, Atwell offered as evidence a copy of the first amendment to the operating sublease, entered into after Convenient validly exercised the first renewal option, which showed the terms of the operating sublease were to run from "1-1-98 to 12-31-02." Convenient and Oak offered no evidence to contradict these assertions. This court has stated that when a motion for summary judgment is made and supported as provided in Rule 56, "an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, * * * must set forth specific facts showing that there is a genuine issue for trial."Countrywide Home Loans, Inc. v. Poppy, 11th Dist. No. 2003-L-134,2004-Ohio-5936, at ¶ 31, quoting Civ.R. 56(E). Convenient and Oak failed to offer evidence indicating there was a genuine issue of material fact for trial regarding the effective dates of the lease.
 {¶ 25} Atwell's evidence also effectively disposes of Convenient and Oak's argument that the trial court failed to consider and balance the equities. Relying on Ward v. Washington Distributors (1980),67 Ohio App.2d 49, Convenient and Oak argue that equity will relieve a tenant from forfeiture of a valuable right to renew a lease term when the option to renew is exercised after the specified renewal date and the delay is caused by an honest, good faith, mistake. While we accept the general proposition of Ward, the facts of this case are inapposite. Unlike the present case, the lessee in Ward missed the renewal deadline, due to a clerical error which led to preparation of an erroneous lease digest sheet. Id. at 51. The court also found that the lessee would have lost several thousand dollars in unamortized leasehold improvements if they were deprived of the option to renew. Id. at 52. In addition, the lessor in Ward had not changed their position in any significant way as the result of the lessee's mistake. Id. The court found under these special circumstances that equity would apply to relieve the tenant.
 {¶ 26} In the instant case, Convenient and Oak allege no such mistake. There is ample evidence that both Convenient and Oak knew exactly when the lease term ended. Furthermore, Convenient and Oak cannot claim they did not have knowledge of the requirement in section 4 of the lease requiring notice of renewal six months prior to the ending date of the first renewal option. Convenient and Oak did not attempt to exercise the second renewal option until they sent the letter dated August 15, 2002, a full month and a half after the deadline had passed. Forfeiture is a distinct concept from a refusal to renew an option. Tiffin AvenueInvestors v. Great Scot, Inc. (Sep. 25, 1991), 3rd Dist. No. 5-90-62, 1991 Ohio App. LEXIS 4649, at *8 (citations omitted). See also, Capuanov. Epic Properties (Sep. 15, 1994), No. 94APE03-311, 1994 Ohio App. LEXIS 4071, at *9-*10 ("equity will not ordinarily intervene because the loss of an option does not usually result in the forfeiture of vested rights.") Moreover, if Convenient and Oak were granted equitable relief, Atwell would be substantially prejudiced, as they entered into a lease agreement with another lessee subsequent to Convenient and Oak's failure to timely renew. Finally, the specific improvements to which Convenient and Oak refer were installed by their predecessor in interest at the beginning of the lease. Id. at *10 (equity should be considered "only where the lessee has made substantial improvements which will be lost to him, having made those substantial improvements in good faith with the intent to renew the lease.") Thus, we cannot say the trial court erred by failing to consider the equities. Convenient and Oak's first assignment of error is without merit.
 {¶ 27} In their second assignment of error, Convenient and Oak argue that, "the trial court erred in refusing to grant their motion for leave to file an amended answer and counterclaim without a finding of bad faith, undue delay or undue prejudice and despite the existence of good grounds in support of the motion." This argument is disingenuous.
 {¶ 28} "Under Civ.R. 15(A), once a responsive pleading has been filed, a pleading may only be amended by leave of court or by written consent of the adverse party. The denial of leave to file an amended complaint is within the sound discretion of the trial court." Miralia v.Rogers (Feb. 6, 1987), 11th Dist. No. 1656, 1987 Ohio App. LEXIS 5800, at *8, citing Peterson v. Teodosio (1973), 34 Ohio St. 2d. 161. "Absent a showing that the trial court abused its discretion, the decision will be affirmed on appeal." Id., citing Solowitch v. Bennett (1982),8 Ohio App.3d 115, 116.
 {¶ 29} An abuse of discretion consists of more than an error of law or judgment. Rather, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Berk v. Matthews (1990), 53 Ohio St.3d 161,169 (citation omitted). Reversal, under an abuse of discretion standard, is not warranted merely because appellate judges disagree with the trial judge or believe the trial judge erred. Id. Reversal is appropriate only if the abuse of discretion renders "the result * * * palpably and grossly violative of fact and logic [so] that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." Statev. Jenkins (1984), 15 Ohio St.3d 164, 222 (citation omitted).
 {¶ 30} In the instant matter, Convenient and Oak assert that the claims they sought to add by amending their complaint were the same claims they asserted against Bernard, Sr. and Mary Jean under the belief that they were the current lessors. Convenient and Oak further claim they did not have any evidence that Atwell was the successor in interest to the premises until it was provided as an attachment to Atwell's motion for summary judgment. However, the record before us belies these assertions. Convenient and Oak filed their complaint against Mary Jean on August 22, 2002. On September 16, 2002, Mary Jean filed her answer, and pled, as part of her fifth affirmative defense, that she no longer had any interest in the premises, that the estate of Bernard, Sr. transferred the premises to his five sons, and subsequently, the sons transferred all interest in the premises to Atwell. Mary Jean further stated that, "as a result of the conveyance, Atwell Properties, Ltd. is the lessor under the lease which is subject of this action." As proof, she attached a copy of the deed transferring the sons' interest to Atwell.
 {¶ 31} Atwell intervened by filing their complaint on November 13, 2002. Among the items attached to Atwell's complaint was another copy of the transfer deed to Atwell. When Convenient and Oak answered Atwell's intervening complaint on November 29, 2002, they specifically stated under paragraph twenty-one of their answer that "Plaintiffs/Intervening Defendants Convenient Food Mart, Inc. and Oak Real Estate, Ltd. restate and reallege each and every allegation contained in their complaint as though fully rewritten herein at length." This language was sufficient to assert their counterclaims against Atwell and made an amended answer unnecessary. Where a party "fails to make a prima facie showing of support for new matters sought to be pleaded, a trial court acts within its discretion to deny a motion to amend the pleading." Wilmington SteelProducts, Inc. v. Cleveland Electric Illuminating Co. (1991),60 Ohio St.3d 120, at syllabus (citation omitted). Based on the facts, we cannot find that the trial court abused its discretion in denying Convenient and Oak's motion for leave to amend. Convenient and Oak's second assignment of error is without merit.
 {¶ 32} Based on the foregoing analysis, we affirm the decision of the Lake County Court of Common Pleas.
Ford, P.J., Nader, J., Ret., Eleventh Appellate District, sitting by assignment, concur.