OPINION
{¶ 1} Defendant-appellant, Kirk Williams Services Company, LLC ("Williams"), appeals from a judgment of the Franklin County Municipal Court that granted a motion to dismiss without prejudice in favor of plaintiff-appellee, Building Services Institute ("BSI"). For the following reasons, we affirm in part and reverse in part.
 {¶ 2} BSI is a New Hampshire corporation that provides management consulting services, education, and training to commercial heating and air conditioning service *Page 2 
providers who are members of BSI. A service provider can become a member by entering into a Commercial Thrust Membership Agreement ("Agreement"). BSI offers its members three graduated levels of service, denominated as the Silver, Gold, and Platinum Levels. Membership fees increase as the level of service increases.
 {¶ 3} Williams is an Ohio limited liability company. On June 20, 2003, Williams entered into an Agreement with BSI for Platinum Level services. Williams alleges that the parties modified the Agreement in November 2003 when they agreed to reduce BSI's services to the Gold Level. Even after the November 2003 modification, BSI allegedly attempted to collect fees at the Platinum Level while providing less than Gold Level service.
 {¶ 4} BSI filed suit in the trial court on November 10, 2006, asserting that Williams owed $10,946.25 plus costs and interest at the rate of 6 percent from August 28, 2006. BSI attached the parties' Agreement to its complaint. Williams responded with an answer and counterclaim that stated affirmative defenses and asserted counterclaims for: (1) violation of the Deceptive Trade Practice Act, R.C. Chapter 4165, et seq., (2) breach of contract, and (3) unjust enrichment. BSI replied to the counterclaim by denying every allegation. Subsequently, BSI filed an amended complaint asserting that Williams owed $10,946.25 plus costs, attorney fees, and interest at the rate of 18 percent from August 28, 2006. Williams answered the amended complaint by denying BSI's averments, asserting affirmative defenses, and requesting damages in accordance with its counterclaims.
 {¶ 5} On June 12, 2007, BSI filed a motion to dismiss both its amended complaint and Williams' counterclaims. BSI requested this dismissal based upon a forum selection *Page 3 
clause contained in the Agreement between the parties. Specifically, the clause provides that:
 This Agreement shall be governed by and construed in accordance with the laws of the State of New Hampshire, without giving effect to the principles of conflicts of law thereof. Any action brought to enforce any provision of this Agreement, or arising out of the rights of the parties hereunder, shall be brought in the state of New Hampshire unless otherwise agreed in writing by both parties.
 {¶ 6} BSI stated that it inadvertently filed in Franklin County without an agreement in writing by both parties. It requested dismissal of the case, without prejudice, in order to allow both parties to bring suit before the appropriate court in New Hampshire. In the alternative, BSI requested that the trial court transfer the case to the Nashua, New Hampshire District Court. In response, Williams recognized the validity of the forum selection clause, but it argued that BSI waived the clause by filing its suit in Franklin County, Ohio.
 {¶ 7} On July 26, 2007, the trial court issued a judgment entry granting BSI's motion to dismiss. The trial court stated that it was not persuaded by Williams' waiver argument. Relying upon Preferred Capital,Inc. v. Power Eng. Group, Inc., 112 Ohio St.3d 429, 2007-Ohio-257, the trial court found that the forum selection clause controlled and required the parties to pursue their claims in the New Hampshire courts.
 {¶ 8} Williams now appeals from that judgment, assigning the following error:
 The Trial Court improperly Dismissed the Case pending in the Municipal Court of Franklin County, Ohio, because Appellee waived its right to invoke the forum selection clause in the Contract between Appellee and Appellant when Appellee availed itself of the Jurisdiction of the Municipal Court of Franklin County, Ohio by filing suit therein. *Page 4 
 {¶ 9} Williams argues that BSI waived the forum selection clause when it acted in a manner inconsistent the mandate of that clause. We agree.
{¶ l0} "Waiver" is a voluntary relinquishment of a known right.White Co. v. Canton Transp. Co. (1936), 131 Ohio St. 190, paragraph one of the syllabus. See, also, Glidden Co. v. Lumbermens Mut. Cas.Co., 112 Ohio St.3d 470, 2006-Ohio-6553, at ¶ 49 ("Waiver is a voluntary relinquishment of a known right and is generally applicable to all personal rights and privileges, whether contractual, statutory, or constitutional."). Waiver of a contractual right can occur when a party intentionally acts in a manner inconsistent with claiming that right.Convenient Food Mart, Inc. v. Atwell Properties, Ltd., Lake App. No. 2003-L-174, 2005-Ohio-704, at ¶ 23; Bucher v. Schmidt, Hancock App. No. 5-01-48, 2002-Ohio-3933, at ¶ 15, citing Marfield v. Cincinnati, D. T. Traction Co. (1924), 111 Ohio St. 139, 145.
 {¶ 11} In the present case, BSI waived the forum selection clause when it filed its complaint in Franklin County. The forum selection clause is contained in the Agreement that BSI seeks to enforce in the instant action. "[P]arties to contracts are presumed to have read and understood them." Preferred Capital, Inc., at ¶ 10. Thus, BSI was aware of the mandate of the forum selection clause, but it voluntarily and intentionally chose to file suit in Ohio, not New Hampshire. Filing a complaint in this jurisdiction is directly inconsistent with the contractual right that the forum selection clause granted to BSI.
{¶ l2} Because BSI waived the forum selection clause, it cannot now enforce it against Williams. Accordingly, we conclude that the trial court erred to the extent that it dismissed Williams' counterclaim. However, that error did not extend to the trial court's dismissal of BSI's amended complaint. *Page 5 
 {¶ 13} Regardless of its waiver of the forum selection clause, BSI retained the power to dismiss its claims. Pursuant to Civ.R. 41(A)(1)(a):
 [A] plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by * * * filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant[.]
Thus, "Civ.R. 41(A)(1)(a) gives a plaintiff an absolute right to voluntarily and unilaterally dismiss his cause of action at any time prior to trial, * * * unless the defendant has filed a counterclaim which cannot be adjudicated in the absence of the plaintiff's claims."Howard v. Sunstar (May 8, 2001), Franklin App. No. 00AP-70. A counterclaim "remain[s] pending for independent adjudication" if the dismissal of the plaintiff's claims does not defeat the trial court's jurisdiction over the parties and the controversy. Abbyshire Constr. Co.v. Ohio Civil Rights Comm. (1974), 39 Ohio App.2d 125, syllabus;Columbus Metro. Housing Auth. v. Flowers, Franklin App. No. 05AP-87,2005-Ohio-6615, at ¶ 15.
{¶ l4} Here, the trial court would retain jurisdiction of the parties and of the controversy notwithstanding the dismissal of BSI's claims. Nothing in the record indicates that the trial court could not adjudicate Williams' counterclaims independently from the amended complaint. Consequently, Civ.R. 41(A)(1)(a) permitted BSI to dismiss its claims without leave of court. The trial court did not err in allowing BSI to do what BSI could have done without the trial court's approval. Accordingly, we conclude that the trial court properly dismissed BSI's claims.
 {¶ 15} In sum, while the trial court erred in dismissing Williams' counterclaim, it did not err in dismissing BSI's amended complaint. Therefore, to the extent that Williams argues error in dismissing its counterclaim, we sustain its assignment of error. However, *Page 6 
to the extent that Williams argues error in dismissing BSI's amended complaint, we overrule its assignment of error.
 {¶ 16} For the foregoing reasons, we sustain in part and overrule in part Williams' only assignment of error. Therefore, we affirm in part and reverse in part the judgment of the Franklin County Municipal Court, and we remand this case for further proceedings on Williams' counterclaim consistent with law and this opinion.
Judgment affirmed in part, reversed in part; and cause remanded.
TYACK and BRYANT, JJ., concur.
BRYANT, J., retired, of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1