OPINION
Plaintiff-appellant and cross-appellee, David Bucher ("appellant"), appeals from a decision of the Hancock County Court of Common Pleas dismissing his claim for breach of contract against defendant-appellee and cross-appellant, John R. Schmidt ("appellee"). Schmidt appeals the trial court's failure to award consequential damages. For the reasons that follow, we affirm the decision of the trial court.
The pertinent facts and procedural history are as follows. The appellant, a licensed realtor engaged in property management since 1972, owned a building in the 300 block of East Foulke Avenue in the city of Findlay, Ohio. The building consisted of three sections, each approximately 8,000 square feet, known as Building A, Building B, and Building C. The parties entered into a written lease agreement on March 31, 1994 whereby the appellant agreed to lease to the appellee Building C, located at 311 East Foulke Avenue. That day, the appellee paid a security deposit in the amount of $1,800.00 and paid the first month's rent in an equal amount.
A wholesale grocer, the appellee required the leased space to be dry, secure and heated as he would be storing food, and canned goods, in the space. At the time the lease was signed, the appellee was leasing space on a month to month basis elsewhere and required larger space on a long-term basis. These facts were communicated to the appellant before the parties entered into the written lease.
The appellant drafted the lease, which ran for a term of three years "commencing on May 1, 1994 and ending on April 30, 1997." Pursuant to the lease's terms, the appellant/lessor was to make the following improvements before it could be occupied by the appellee: "Landlord agrees to secure and close upper windows on west wall, repair or replace 2 gas furnaces, install 200 amp service inside rented area, install bath room in an agreeable location. Free from moisture and leakage."
The appellant intended the improvements to be completed by May 1, 1994 so that the appellee would be able to occupy the building and operate his business. The appellant knew that occupying the building on time was important to the appellee and this was noted in Paragraph 14 of the lease agreement, which stated: "It is understood and agreed between the parties hereto that time is of the essence of this contract and applies to all terms and conditions contained herein." The appellee later received a key on April 28, 1994 so that he could have access to the building.
On April 12, 1994, the appellant contracted with one of his tenants, James McCarty of Findlay Plumbing and Heating, to perform the work required under the lease. A short time later, McCarty applied to the Wood County Building Department ("WCBD") for a building permit but failed to submit written plans as is required. At some point mid-May, an Wood County Building Inspector discovered that the existing north-south wall in Building C had never been torn down, as the WCBD had mandated when McCarty made improvements to other sections of the building in 1988. McCarty tore this wall down at the end of the month and rebuilt it with a fireproof metal-stud wall, as required by the WCBD, by early June of 1994. McCarty also made the improvements required by the lease.
While McCarty's work progressed throughout the month of May and June, the appellee contacted the appellant and McCarty numerous times to express concerns regarding the progress of improvements to Building C and asking when he could occupy the building. The appellant was ready and willing to occupy the building by May 1, 1994 but was unable to do so because the improvements were not completed and the building had not received the WCBD's approval for occupancy.[1] On June 9, 1994, the appellee forwarded the appellant a letter rescinding the lease.
On August 3, 1994, Bucher filed a complaint alleging breach of the lease agreement and seeking damages in the amount of $95,102.92. Schmidt filed an answer and counterclaim in which he sought to recover his security deposit, first month's rent, and additional damages. A bench trial was held October 12, 1996. At the court's request, Bucher and Schmidt submitted proposed findings of fact and conclusions of law. In its November 26, 2001 judgment entry, the trial court dismissed Bucher's complaint and ruled in favor of Schmidt on his counterclaim in the amount of $3,600. A corrective judgment entry issued December 20, 2001 awarded Schmidt prejudgment interest at 10% per annum from March 13, 1994. Both parties now appeal.
 APPELLANT'S FIRST ASSIGNMENT OF ERROR The trial court erred and abused its discretion when it dismissed plaintiff's complaint due to the trial court's finding that the plaintiff failed to prove his case by a preponderance of the evidence as the trial court's ruling was against the manifest weight of the evidence.
 The appellant contends that the judgment of the trial court is against the manifest weight of the evidence concerning the appellant's inability to prove the allegations of the complaint by a preponderance of the evidence.
First, it is necessary to set forth the standard of review in this matter. In resolving an appeal based on manifest weight of the evidence, a reviewing court examines the entire record to determine if the record is supported by some competent, credible evidence.[2] Where the lower court's judgment is duly supported, it shall not be reversed as being against the manifest weight of the evidence.[3] The Supreme Court of Ohio further admonishes that an appellate court must not substitute its judgment for that of the trial court based upon its own opinion as to the veracity of the witnesses or the reliability of the evidence presented, as the trier of fact is in the best position to make such determinations.
It is under these standards of review that we consider the appellant's arguments.
Courts apply traditional contract principles when interpreting lease provisions. It is well settled that "contracts are to be interpreted so as to carry out the intent of the parties, as that intent is evidenced by the contractual language."[4] If a contract is clear and unambiguous, the court need not concern itself with rules of construction or go beyond the plain language of the agreement to determine the rights and obligations of the parties.[5] Instead, the court must give effect to the language of the contract.[6]
As stated by the trial court, "[t]his case turns upon the enforceability of the `time is of the essence' clause which is in paragraph fourteen of the lease." The general rule as to contracts is that the time of performance is not of the essence unless the parties have included an express stipulation to that effect or such a requirement can be implied from the nature or circumstances of the contract.[7]
However, the parties can alter this basic rule by including an express stipulation on the matter.[8] In this case, the general rule is altered because the lease expressly states that time is of the essence.
The appellant asserts that the appellee waived the "time is of the essence" clause as it pertains to occupancy by May 1, 1994. A waiver is a voluntary relinquishment of a known right, with the intent to do so with the full knowledge of all the facts.[9] Equivocal or inconsistent conduct does not constitute waiver.[10] Ohio case law has further held that intentionally doing an act inconsistent with claiming a right constitutes a waiver.[11] Mere silence, however, where one is under no obligation to speak does not constitute a waiver.[12]
In support of this contention, the appellant cites a number of pages in the trial transcript which he asserts prove the appellee's waiver of the "time is of the essence" clause. Turning to these pages, we take note of the following: the appellee received a key to the building on April 28, 1994 and shortly thereafter began to build an interior wall to separate the work area and the loading docks, a wall that was later torn down under McCarty's advisement that it would not pass under the building code; the appellee never informed the appellant that he did not want to rent the space until the June 9, 1994 letter; the appellee repeatedly telephoned the appellant and McCarty expressing his dissatisfaction with the pace of the renovation work; the appellee offered a letter of compromise, which was rejected, in which he would enter into a one year lease with the appellant; and, finally, the appellee knew the renovations would take time to complete.
In light of these facts and those noted earlier, we find no evidence to support the appellant's contention that the appellee waived the time is of the essence clause of the lease. The fact that the appellee began to construct an interior wall and later tore it down does not prove waiver of the clause. If anything, this fact proves that the appellee was anxious to get his business running. None of these facts bolster the waiver argument. Rather, the evidence supports the trial court's conclusion that the lease must be enforced as written.
We find that the trial court had competent, credible evidence upon which to conclude that the appellant was in breach of the lease agreement. The appellant's first assignment of error is without merit and, accordingly, is overruled.
 APPELLANT'S SECOND ASSIGNMENT OF ERROR The trial court erred and abused its discretion when it awarded pre-judgment interest in favor of the defendant-appellee on the judgment granted in favor of the defendant-appellee and against the plaintiff-appellant as same was contrary to law and against the manifest weight of the evidence.
 In his second assignment of error, the appellant argues that the trial court improperly awarded prejudgment interest to the appellee. The trial court awarded prejudgment interest on the counterclaim filed in the amount of $3,600.00, representing the first month's rent and security deposit paid by the appellee on March 31, 1994.
R.C. 1343.03(A) provides: "[W]hen money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of * * * a contract * * *,the creditor is entitled to interest at a rate of ten percent perannum * * *." (Emphasis added.) Under R.C. 1343.03(A), the trial court retains no discretion in awarding prejudgment interest.[13]
The purpose of awarding prejudgment interest is not to punish the responsible party, as suggested by the appellant, but to make the aggrieved party whole.[14] Although the trial court delayed five years after the one day hearing to make the award, the appellant has retained the use of this money and the interest it generated for the past eight years. For the appellee to be fully compensated for the appellant's breach of the lease agreement, the appellee is entitled by statute to $3,600.00 plus prejudgment interest. Therefore, we overrule the appellant's second assignment of error.
 APPELLEE'S CROSS-ASSIGNMENT OF ERROR The trial court erred in its judgment entry and corrected judgment entry when it did not award appellee Schmidt consequential damages for storage and transportation costs as a result of appellant Bucher's breach of contract.
For his sole assignment of error, the appellee/cross-appellant asserts that the trial court erred when it did not award Schmidt certain consequential damages that resulted from the appellant's breach of contract. Specifically, the appellee/cross-appellant argues that because of the appellant's breach of the lease he incurred additional storage costs of $905.00 and additional transportation costs of $1,470.04.
The decision whether or not to award consequential damages is a matter for the trier of fact.[15] Thus, an appellate court is limited in its review to the determination of whether the denial of an award for the consequential damages is against the manifest weight of the evidence.[16]
The trial court found that the appellee/cross-appellant was in the wholesale grocery business, needed to store canned goods in the space, and was renting space elsewhere on a month-to-month basis. The trial court found, however, that with the return of his security deposit and first month's rent the appellee has been fully compensated. With competent credible evidence to support this judgment, this Court will not substitute our judgment for the trier of fact. Accordingly, the appellee/cross-appellant's assignment of error is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
SHAW, P.J., and BRYANT, J., concur.
[1] The building permit was not issued for Building C until December 21, 1994, and no certificate of occupancy was ever issued.
[2] C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,280; Reilly v. Richards (1994), 69 Ohio St.3d 352.
[3] Id.
[4] Skivolocki v. E. Ohio Gas Co. (1974), 38 Ohio St.2d 244, paragraph one of the syllabus.
[5] Cleveland Trust Co. v. Snyder (1978), 55 Ohio App.2d 168.
[6] Seringetti Constr. Co. v. Cincinnati (1988), 51 Ohio App.3d 1,4.
[7] Brown v. Brown (1993), 90 Ohio App.3d 781, 784; see, also,Kirby v. Harrison (1853), 2 Ohio St. 326.
[8] Mays v. Hartman (1947), 81 Ohio App. 408.
[9] Karl Kiefer Mach. Co. v. Henry Niemes, Inc. (1948),82 Ohio App. 310.
[10] Id.; State, ex rel. Webb v. Brian City School Dist. Bd. ofEdn. (1984), 10 Ohio St.3d 27, 33.
[11] Marfield v. Cincinnati, D. T. Traction Co. (1924),111 Ohio St. 139.
[12] Allenbaugh v. Canton (1940), 137 Ohio St. 128.
[13] Slack v. Cropper (2001), 143 Ohio App.3d 74, 85.
[14] Royal Elec. Constr. v. OSU (1995), 73 Ohio St.3d 110, 117.
[15] Brenner Marine, Inc. v. George Goudreau, Jr. Trust (Jan. 13, 1995), 6th Dist. No. L-93-077, 1995 WL 12118, citing Chester Park Co. v.Schulte (1929), 120 Ohio St. 273.
[16] Bowlander v. Bowlander (April 7, 1995), 6th Dist. No. OT-93-50, 1995 WL 155161.