OPINION
{¶ 1} Miguel Jordan (hereinafter "Miguel"), appellant herein, appeals the judgment of the Hancock County Court of Common Pleas, Domestic Relations Division, granting him a divorce from appellee, Nada Jordan (hereinafter "Nada"), and awarding spousal support to Nada.
 {¶ 2} The parties were married on January 16, 1981. At the time of the parties' marriage, Miguel was attending college at The Ohio State University in Columbus, Ohio. In October of 1981, Miguel, Jr., was born to Miguel and Nada, at which time it was decided that Nada would quit working and stay home to raise their son. The parties had another child, Jorge, born October 1984.
 {¶ 3} Miguel graduated from Ohio State in 1982 and began medical school. He finished medical school in 1986, completed his residency, and the parties subsequently moved to Findlay, Ohio where Miguel began a private obstetrics/gynecology practice. During this time, Nada continued to stay at home to raise the children.
 {¶ 4} In 1992, Nada began working as Miguel's office manager. She kept the books, did the budget and paid the bills of the business. Nada's salary was approximately $31,000 per year. Nada continued to work as the office manager until 1999, when Miguel fired her. Soon thereafter, in 2000, Miguel filed for divorce.
 {¶ 5} Prior to the final divorce hearing, the parties entered into a stipulated properly settlement. The only issue for the final hearing was the determination of spousal support. Following the presentation of evidence over three days, the magistrate entered a decision ordering Miguel to pay Nada spousal support in the amount of $6,000 per month. The magistrate retained jurisdiction over the award in the event it should be necessary to modify it based on a change in certain circumstances of the parties. Miguel objected to the magistrate's findings and appealed the decision to the Hancock County Court of Common Pleas. The trial court subsequently upheld the magistrate's decision.
 {¶ 6} It is from this decision that appellant appeals, asserting two assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court's award of $72,000 per year in spousal support was (1)an abuse of discretion because the court failed to properly considerappellee's need and the statutory factors set forth in O.R.C. 3105.18; and(2) against the manifest weight of the evidence.
 {¶ 7} A trial court has broad discretion in formulating spousal support awards and a reviewing court should not alter an award absent a finding that the trial court abused its discretion. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. An appellate court cannot substitute its judgment on factual or discretionary issues for that of the trial court. Id. at 218-219. An abuse of discretion must indicate that the trial court's attitude is unreasonable, unconscionable or arbitrary. Id. at 219.
 {¶ 8} The nature, amount and duration of spousal support is determined on the basis of the trial court's evaluation of the evidence under the relevant factors of R.C. 3105.18. Those factors include: the income of the parties; their relative earning abilities; their ages and physical conditions; the retirement benefits of the parties; the duration of the marriage; the standard of living established during the marriage; the relative extent of education of the parties; relative assets and liabilities; the contribution of each party to the education, training, or earning ability of the other party; the time and expense necessary for the spouse seeking support to acquire education, training, or job experience so that they may obtain appropriate employment; the tax consequences of an award of spousal support; the lost income production capacity of either party that resulted from marital responsibilities; and any other factor that the court finds to be relevant.
 {¶ 9} Miguel herein argues that the trial court abused its discretion by failing to properly consider these statutory factors. Miguel specifically argues that the trial court ignored Nada's ability to produce income. Appellant also maintains that the trial court abused its discretion by failing to consider Nada's need for spousal support and instead awarded an arbitrary amount.
 {¶ 10} In the case sub judice, the trial court found that the magistrate had applied the factors set forth by R.C. 3105.18 to determine whether support was appropriate and necessary. In fact, the magistrate's discussion of the statutory factors comprises twelve pages of the decision. The trial court adopted the magistrate's findings of fact in regard to the evidence that related to these statutory factors.
 {¶ 11} The magistrate found that there was a huge disparity between Miguel and Nada's respective incomes and earning potential. The magistrate found that Miguel's annual adjusted gross income was well over $400,000 and that Nada could only expect to earn about $25,000 per year, if she were able to find suitable employment.
 {¶ 12} The magistrate further considered the retirement benefits of the parties, the duration of the marriage, the contributions each spouse made to the marriage, the costs of running Miguel's household, his payment of the college expenses for his children and the tax consequences of the support award. After considering all of the above factors, the magistrate determined that Miguel had the ability to pay $6,083 per month, without any lifestyle change.
 {¶ 13} The magistrate then considered Nada's need for spousal support. The magistrate evaluated the cost of establishing a household, the standard of living to which Nada had become accustomed, and Nada's ability to work. After considering all of these factors, the court awarded $6,000 per month in spousal support.
 {¶ 14} Pursuant to R.C. 3105.18, a reasonable amount of spousal support should be awarded when appropriate. Although it was a factor to be considered under the old statutory scheme, R.C. 3105.18, as modified in April 1991, rejects "need" as the basis for a spousal support award.Bowen v. Bowen (1999) 132 Ohio App.3d 616. It is not significant whether the spouse "deserves" the support; the only relevant question is what is appropriate and reasonable under the circumstances." Id.; Schindler v.Schindler (Jan. 28, 1998), Summit App. No. 18243. Further, once the factors of R.C. 3105.18 have been considered, the amount of spousal support is within the sound discretion of the trial court. Young v.Young (Dec. 29, 1993), Lorain App. No. 93CA005554.
 {¶ 15} We find that the spousal support award entered by the trial court was neither inappropriate nor unreasonable. During their marriage, Miguel and Nada enjoyed a standard of living commensurate with Miguel's income. They belonged to a country club, took frequent vacations, bought mink coats, designer handbags and grand pianos. It was not unreasonable for the trial court to determine that $6,000 per month was appropriate, under the circumstances, to support Nada in a manner consistent with the lifestyle she enjoyed during the marriage. Further, based on the evidence presented at the hearing, the court found that Miguel had the ability to pay the spousal support without a change to his lifestyle. Based on the evidence of record, we find the trial court did not abuse its discretion when determining the amount of spousal support.
 {¶ 16} This finding notwithstanding, Miguel argues that the trial court's decision was against the manifest weight of the evidence. In resolving an appeal based on manifest weight of the evidence, a reviewing court examines the entire record to determine if the record is supported by some competent, credible evidence. Bucher v. Schmidt (2002), Hancock App. No. 5-01-48, 2002-Ohio-3933 (citations omitted). Where the lower court's judgment is duly supported, it shall not be reversed as being against the manifest weight of the evidence. Id. The Supreme Court of Ohio further admonishes that an appellate court must not substitute its judgment for that of the trial court based upon its own opinion as to the veracity of the witnesses or the reliability of the evidence presented, as the trier of fact is in the best position to view the witnesses and observe their demeanor, gestures, and voice inflections, and use those observations in weighing the credibility of the testimony make such determinations. DeWitt v. DeWitt (2003) Marion App. No. 9-02-42, 2003-Ohio-851 (citation omitted).
 {¶ 17} Based on the evidence of record, the testimony presented as to the income and earning potential of Miguel and Nada, the standard of living to which they had become accustomed, the cost of maintaining a household, the education of the parties, Nada's opportunities for employment following the divorce, the duration of the marriage and the age and physical condition of the parties, we find there was significant evidence to support the trial court's decision. Accordingly, we cannot find that the spousal support award is against the manifest weight of the evidence.
 {¶ 18} Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II The court erred in making the spousal support (A) payable for life, (B)non-modifiable for five (5) years and (C) not fully modifiable beyondthat five (5) year period.
 {¶ 19} Under this assignment of error, appellant argues that the trial court erred by not providing for the termination of spousal support within a reasonable time. The trial court retained jurisdiction and stipulated in its award of spousal support that the award could not be modified for a period of five years and is only modifiable after five years if Miguel's income is significantly reduced by the limitation of his medical practice or disability, or when Nada reaches the age of sixty-five, dies, remarries or begins to cohabitate with a male who is not a member of her family.
 {¶ 20} As previously noted, R.C. 3105.18 provides that "any award of spousal support made under this section shall terminate upon the death of either party, unless the order containing the award expressly provides otherwise." Accordingly, based on this statutory language and the record in this case, we do not find that the trial court erred in adopting the statutory default of lifetime spousal support in the event none of the other conditions are satisfied.
 {¶ 21} With respect to the non-modifiable nature of the spousal support award, appellant cites Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, for the proposition that a decree normally provides for a reasonable termination of the award at a time and date certain. Kunkle, however, makes specific exceptions to this rule "in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home." Id. at paragraph one of the syllabus.
 {¶ 22} In this case, the marriage spanned nineteen years. Although Nada received a bachelor's degree in economics, she stayed home to take care of the children and was absent from the workforce for the majority of her marriage, she was terminated from the only job she held during the marriage, she is almost fifty, and, as testified to by a career counselor, she has significant problems reading. Given these factors, we cannot say that the trial court abused its discretion when it determined the duration of the spousal support award. We find no error in the trial court's award of spousal support.
 {¶ 23} Appellant's second assignment of error is overruled.
 {¶ 24} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
Walters and Shaw, JJ., concur.