[Cite as *Sears v. Sears*, 2012-Ohio-5968.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CATHY A. SEARS | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. William B. Hoffman, J.<br>Hon. Julie A. Edwards, J. |
|     Plaintiff-Appellee | |
| -vs- | |
| | Case No. 12-CA-09 |
| JERRY E. SEARS, JR. | |
|     Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Knox County Court of Common Pleas, Case No. 10 DV 11-0224 |
| JUDGMENT: | Affirmed in part, Reversed in part, and Remanded |
| DATE OF JUDGMENT ENTRY: | December 12, 2012 |
| APPEARANCES: | |

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| GREGG R. LEWIS<br>ERIC E. WILLISON<br>625 City Park Avenue<br>Columbus, Ohio 43206-1003 | ANTHONY M. HEALD<br>125 North Sandusky Street<br>Delaware, Ohio 43015 |

*Hoffman, J.*

{¶1} Defendant-appellant Jerry E. Sears ("Husband") appeals the March 28, 2012 Judgment Entry entered by the Knox County Court of Common Pleas, which overruled his objections to the magistrate's December 6, 2011 decision, and approved and adopted said decision as order of the court. Plaintiff-appellee is Cathy A. Sears ("Wife").

STATEMENT OF THE FACTS AND CASE

{¶2} Husband and Wife were married on October 26, 1990, in Gambier, Ohio. No children were born as issue of the marriage. Wife filed a complaint for divorce on April 6, 2010. Wife dismissed the complaint on May 4, 2010, but subsequently re-filed it on November 6, 2010. Husband filed an answer and counterclaim on December 21, 2010. Wife filed an answer to Husband's counterclaim.

{¶3} The matter came on for final hearing before the magistrate on November 7, and 9, 2011. The following evidence was adduced at the hearing. Husband was 43 years old. He worked as a crew foreman for Hills Blacktop, and earned $40,000/year as a salaried employee. The work Husband performs is seasonal. However, as a salaried employee, he does not receive unemployment compensation during the winter months. Husband has health insurance coverage through his employer.

{¶4} Wife was 40 years old at the time of the final hearing. She has been employed for the last fifteen years with Options Plus, Inc. Wife works 32.5 hours per week and is paid $15/hour, earning an annual income of $25,350.00. Wife's boss testified he had reduced the hours of all of his employees due to a 35% decrease in the business. In order to earn additional money, Wife mowed lawns for her employer. She

earned $50 for each mowing. Health insurance was available as a fringe benefit to Wife.

**{¶5}** The marital residence was located at 22096 Danville-Amity Road in Knox County, Ohio. The fair market value of the property was $86,500.00. The parties also owned one-half interest in a vacant lot which sits adjacent to the marital residence. The fair market value of the vacant lot was $3,850.00.

**{¶6}** The trial court awarded Wife the 2002 Ford Escort and Husband the 2004 F250 truck.

**{¶7}** Wife had a 401(K) account through her employer which had a balance of $12,953.67, as of September 30, 2011. Husband had an IRA with Ameriprise which had a total value of $33,334.87. On August 25, 2010, Husband withdrew the funds from the account, receiving $25,784.64. The remaining $7,550.23 was withheld for taxes. Husband had a whole life insurance policy with a cash value of $7,607.78. Wife filed a separate tax return for 2010, and received a refund in the amount of $1,426.00. Despite a temporary restraining order, Wife kept the refund rather than placing the monies into her attorney's escrow account.

**{¶8}** During the marriage, Wife's parents loaned her $18,000.00, which Wife used to purchase a horse. Wife subsequently sold the horse for $25,000.00. Wife did not repay her parents the original $18,000.00, but rather purchased another horse for $22,500.00, in March, 2006. Wife transferred title of the horse to her mother on or about January 25, 2010. Wife's mother commenced paying the insurance premiums on the horse in February, 2011. Wife testified at deposition she transferred the title in order to protect her parents' investment. Wife argued the fair market value of the horse was

only $3,000.00, as the animal was lame. Husband testified at deposition he withdrew the funds from the IRA as a "tit for tat" reaction to Wife's transferring the title of the horse to her mother.

{¶9}  The parties' household goods and furnishings, less the motor vehicles, were appraised at $15,063.00, of which $8,689.00 was marital.  The parties' liabilities totaled $21,170.00.

{¶10} The magistrate issued her decision on December 6, 2011, recommending the parties be granted a divorce on the grounds of incompatibility.  The magistrate found Husband had committed financial misconduct, and divided the parties' marital assets in light of such finding.  The magistrate ordered Husband pay spousal support to Wife in the amount of $650/month for six years.  Husband filed timely objections to the magistrate's decision.  After the transcript was prepared, Husband filed additional objections.

{¶11} Via Judgment Entry filed March 28, 2012, the trial court overruled Husband's objections in toto, and approved and adopted the magistrate's decision as order of the court.

{¶12} It is from the March 28, 2012 Judgment Entry Husband appeals, raising the following assignments of error:

{¶13} "I. THE FINDING OF FINANCIAL MISCONDUCT BY THE APPELLANT WAS ERRONEOUS UNDER THE FACTS OF THIS CASE AND EVEN ASSUMING THAT IT WAS PROPER THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FASHIONING A REMEDY WITHOUT ANY REASONABLE AND PROPER JUSTIFICATION FOR ITS REMEDY.

{¶14} "II. THE COURT ERRED TO THE PREJUDICE OF THE APPELLANT AND ABUSED ITS DISCRETION IN REPEATEDLY PERMITTING THE APPELLEE TO INTRODUCE TESTIMONY FOR THE PURPOSE [SIC] ATTEMPTING TO SHOW THE BAD CHARACTER OF THE APPELLANT IN DERROGATION OF OHIO RULE OF EVIDENCE 608(b).

{¶15} "III. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT AND ABUSED ITS DISCRETION BY ESTABLISHING SPOUSAL SUPPORT WITHOUT FIRST CONSIDERING ALL THE FACTORS AS SET FORTH IN 3105.18 AND 3105.171 AND, IN PARTICULAR, THE INCOME OF THE PARTIES AND THE NEED OF THE COURT TO CONSIDER THE PARTIES' POSITION AFTER THE DIVISION OF ASSETS BEFORE CONSIDERING THE ISSUE OF THE PROPRIETY OF SPOUSAL SUPPORT.

{¶16} "IV. THE COURT ERRED TO THE PREJUDICE OF THE APPELLANT AND ABUSED ITS DISCRETION IN IT'S [SIC] DETERMINATION OF THE LEVEL OF INCOME THAT THE APPELLANT AND APPELLEE SHOULD BE FOUND TO MAKE FOR SETTING SPOUSAL SUPPORT.

{¶17} "V. THE COURT ERRED TO THE PREJUDICE OF THE APPELLANT AND ABUSED ITS DISCRETION BY FAILING TO DIVIDE THE PARTIES' ASSETS AND LIABILITIES IN AN EQUITABLE FASHION.

{¶18} "VI. THE COURT ERRED TO THE PREJUDICE OF THE APPELLANT AND ABUSED ITS DISCRETION IN ITS AWARD OF ATTORNEY FEES. THERE WAS NO PROPER AWARD OF ATTORNEY FEES AND APPARENTLY APPEARS TO BE PART OF THE ONGOING DESIRE TO PUNISH THE APPELLANT."

I, II

**{¶19}** Because Husband's first and second assignments of error involve similar analysis, we shall address said assignments together. In his first assignment of error, Husband contends the trial court's finding of financial misconduct was not supported by the evidence. Husband further maintains, assuming arguendo, the finding was appropriate, the trial court erred and abused its discretion in fashioning a remedy without reasonable justification for doing so. In his second assignment of error, Appellant submits the trial court erred and abused its discretion in permitting Wife to introduce testimony for the purpose of showing Husband's bad character.

**{¶20}** Civ.R. 53(D)(3)(b)(iv) provides:

**{¶21}** "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."

**{¶22}** Husband raised four objections to the magistrate's decision. Husband's first objection addressed the characterization of the 1999 Chevrolet Cavalier as marital property. The second objection focused on the property division. In his third objection, Husband took issue with the figure the magistrate utilized for Wife's income and the award of and length of the spousal support award. Husband's fourth and final objection challenged the award of attorney fees. Husband did not object to the magistrate's finding of financial misconduct or the magistrate's admission of alleged bad acts evidence.

{¶23} Because Husband failed to object to the magistrate's finding of financial misconduct and admission of bad acts evidence, we find he has waived his right to raise these issues on appeal.

{¶24} Husband's first and second assignments of error are overruled.

### III, IV

{¶25} Husband's third and fourth assignments of error both center on the trial court's spousal support award; therefore, we shall address these assignments of error together.  In his third assignment of error, Husband asserts the trial court erred and abused its discretion in establishing spousal support without considering the factors set forth in R.C. 3105.18 and 3105.171.  In his fourth assignment of error, Husband contends the trial court erred and abused its discretion in determining the parties' incomes for calculating spousal support.

{¶26} It is well-established that the trial court enjoys wide latitude in determining the appropriateness as well as the amount of spousal support. *Bolinger v. Bolinger* (1990), 49 Ohio St.3d 120, 551 N.E.2d 157. Such an award will not be reversed unless a reviewing court, after considering the totality of the circumstances, finds that the trial court abused its discretion. *Kunkle v. Kunkle* (1990), 51 Ohio St.3d 64, 67, 554 N.E.2d 83; *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 352, 421 N.E.2d 1293. "The term 'abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore,* supra at 219, 450 N.E.2d 1140.

{¶27} "In making a spousal support award, a trial court must 'consider all of the relevant factors in [R.C. 3105.18] * * * then weigh the need for support against the ability

to pay'." *Layne v. Layne* (1992), 83 Ohio App.3d 559, 562–563, 615 N.E.2d 332. The resulting award must be "fair, equitable and in accordance with the law." *Kaechele v. Kaechele* (1988), 35 Ohio St.3d 93, 94, 518 N.E.2d 1197. An equitable result requires that "to the extent feasible, each party should enjoy, after termination of a marriage, a standard of living comparable to that established during the marriage as adjusted by the various factors of [R.C. 3105.18]." *Buckles v. Buckles* (1988), 46 Ohio App.3d 102, 110, 546 N.E.2d 950

**{¶28}** R.C. 3105.18(C)(1) provides:

**{¶29}** "(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:

**{¶30}** "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

**{¶31}** "(b) The relative earning abilities of the parties;

**{¶32}** "(c) The ages and the physical, mental, and emotional conditions of the parties;

**{¶33}** "(d) The retirement benefits of the parties;

**{¶34}** "(e) The duration of the marriage;

**{¶35}** " * * *;

**{¶36}** "(g) The standard of living of the parties established during the marriage;

**{¶37}** "(h) The relative extent of education of the parties;

**{¶38}** "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

**{¶39}** " * * *;

**{¶40}** "(l) The tax consequences, for each party, of an award of spousal support;

**{¶41}** " * * *;

**{¶42}** "(n) Any other factor that the court expressly finds to be relevant and equitable." R.C. 3105.18(C).

**{¶43}** A trial court need not acknowledge all evidence relative to each and every factor listed in R.C. 3105.18(C), and we may not assume the evidence was not considered. *Barron v. Barron,* Stark App. No.2002CA00239, 2003-Ohio-649 at paragraph 25. The statute directs the court to consider all fourteen factors, and a reviewing court will presume the trial court did so absent evidence to the contrary. *Cherry,* supra. The court must only set forth sufficient detail to enable a reviewing court to determine the appropriateness of the award. See, e.g., *Kaechele v. Kaechele* (1988), 35 Ohio St.3d 93, 518 N.E.2d 1197.

**{¶44}** The magistrate addressed each of the R.C. 3105.18(C) factors in her decision. The magistrate found Husband earns $20,430.00/year more than Wife. The parties had been married for 21 years, had modest assets and minimal debt. They did not live an extravagant lifestyle. Both parties had high school educations.

**{¶45}** Upon review of the record, we do not find the trial court was unreasonable, arbitrary or unconscionable in determining the amount or duration of the spousal support award. Furthermore, the trial court specifically retained jurisdiction to modify the spousal support order in the future according to the best interest of either party.

**{¶46}** Husband also takes issue with the income figures the trial court utilized in calculating the spousal support award.

**{¶47}** In his Objections to the Magistrate's Decision, Husband objected to the magistrate's calculation of Wife's income for determining spousal support as well as the amount of spousal support the magistrate ordered him to pay. Husband did not object to the magistrate's calculation of his own income. Because Husband failed to object to the magistrate's finding relative to his income, we find Husband has waived the issue on appeal.

**{¶48}** In the court below, Husband did object to the income figure assigned to Wife. Accordingly, this portion of his fourth assignment of error is ripe for review. The trial court set Wife's income at $25,350.00.

**{¶49}** Joe Chattin, Wife's employer testified at the final hearing. Chattin indicated he is the general manager of Options Plus, Inc., the business for which Wife works. Chattin stated Wife has worked at Options Plus for fifteen years, and for the majority of the time, she worked forty hours/ week. However, a month or two before the final hearing, because business had declined by 35%, Wife, along with all of the other employees, was only working a 32 ½ hour work week. On cross-examination, Chattin stated Wife earns approximately $15/hour. Wife's hours had been reduced for a period of time during the 2010 calendar year. Chattin acknowledged the business pays its employees' medical insurance premiums. Wife's 2010 tax return showed her income at $30,196.80.

**{¶50}** Husband asserts the trial court should have attributed a greater income to Wife because Wife's hours were also reduced in 2010, and yet she earned $30,196.20

for that year. Additionally, Wife's tax return did not include the $50/week Wife earned for mowing grass during the months of April through October.

**{¶51}** Upon review of the record, we find there was competent, credible evidence to support the trial court's determination Wife's earning ability was $25,350.00. Accordingly, we find the trial court did not abuse its discretion in utilizing this figure.

**{¶52}** Husband's third and fourth assignments of error are overruled.

V

**{¶53}** In his fifth assignment of error, Husband submits the trial court erred and abused its discretion in failing to order an equitable division of the parties' assets and liabilities. Specifically, Husband takes issues with the trial court's classification of the 1999 Chevrolet Cavalier as marital property, the court's valuation of Wife's horse at $3,000, and the trial court's crediting him $30,334.87, the amount of the funds he removed from the 401K plan, as an asset.

**{¶54}** In divorce proceedings, a trial court must classify property as marital or separate property. R.C. 3105.171(B). Then, the trial court must divide the marital property equally or, if an equal division is inequitable, the court must divide the marital property equitably. R.C. 3105.171(C)(1); *Neville v. Neville,* 99 Ohio St.3d 275, 791 N.E.2d 434, 2003–Ohio–3624, ¶ 5. A trial court has broad discretion in the allocation of marital property, and an appellate court will not disturb its judgment absent an abuse of discretion. *Id.*

**{¶55}** A court may find an equal division of marital property inequitable if one spouse demonstrates that the other has committed financial misconduct. "If a spouse has engaged in financial misconduct, including, but not limited to, the dissipation,

destruction, concealment, nondisclosure, or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property." R.C. 3105.171(E)(4). Financial misconduct occurs when one spouse engages in some type of knowing wrongdoing, by which the spouse either profits or intentionally interferes with the other spouse's property rights. *Taub v. Taub,* 10th Dist. No. 08AP–750, 2009–Ohio–2762, ¶ 33; *Heller v. Heller,* 10th Dist. No. 07AP–871, 2008–Ohio–3296, ¶ 27; *Hamad v. Hamad,* 10th Dist. No. 06AP–516, 2007–Ohio–2239, ¶ 62.

**{¶56}** In this case, the trial court found Husband's financial misconduct justified a distributive award. We do not disagree. R.C. 3105.171(E)(4) allows a trial court to "compensate the offended spouse with a distributive award or with a greater award of marital property." However, the trial court not only compensated Wife with a distributive award, but also attributed $30,334.87 to Husband as part of his assets. By ascribing the funds Husband removed from the 401K as part of the marital assets, the trial court effectively penalized Husband twice for his misconduct. We find the trial court is not authorized to assess such a penalty under the statute.

**{¶57}** Husband's fifth assignment of error is sustained.

VI

**{¶58}** In his final assignment of error, Husband maintains the trial court abused its discretion in ordering him to pay $5000 of Wife's attorney fees.

**{¶59}** R.C. 3105.73(A) governs the award of attorney fees and litigation expenses in domestic relations cases and provides: "In an action for divorce * * * or an appeal of that action, a court may award all or part of the reasonable attorney's fees and

litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate."

**{¶60}** "An award of attorney fees in a domestic relations action is within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion." *McEnery v. McEnery,* 10th Dist. No. 00AP–69, 2000 WL 1863370 (Dec. 21, 2000) at *3, citing *Goode v. Goode,* 70 Ohio App.3d 125, 134, 590 N.E.2d 439 (10thDist.1991).

**{¶61}** Upon our review of the record, we do not find the trial court abused its discretion in ordering Husband to pay a portion of Wife's attorney fees.

**{¶62}** Husband's sixth assignment of error is overruled.

**{¶63}** The judgment of the Knox County Court of Common Pleas is affirmed in part, reversed in part and remanded.

By: Hoffman, J.

Gwin, P.J. and

Edwards, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

CATHY A. SEARS                                    :
                                                  :
    Plaintiff-Appellee                        :
                                                  :
-vs-                                              :               JUDGMENT ENTRY
                                                  :
JERRY E. SEARS, JR.                               :
                                                  :
    Defendant-Appellant                       :               Case No. 12-CA-09


For the reasons stated in our accompanying Opinion, the judgment of the Knox County Court of Common Pleas is affirmed in part, reversed in part and remanded. Costs to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS