[Cite as *Siferd v. Siferd*, 2020-Ohio-3846.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

HEATHER M. SIFERD,

    PLAINTIFF-APPELLEE,                        CASE NO.  5-19-42

    v.

RONALD L. SIFERD,                         O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Hancock County Common Pleas Court
Domestic Relations Division
Trial Court No. 2015 DR 00249

**Judgment Affirmed**

Date of Decision:   July 27, 2020

APPEARANCES:

    *Howard A. Elliott and Jeffrey J. Whitman* **for Appellant**

    *Garth W. Brown* **for Appellee**

Case No. 5-19-42

**PRESTON, J.**

{¶1} Defendant-appellant, Ronald L. Siferd ("Ronald"), appeals the October 4, 2019 judgment of the Hancock County Court of Common Pleas, Domestic Relations Division. For the reasons that follow, we affirm.

{¶2} This matter originated on August 3, 2015, when Heather M. Siferd ("Heather") filed a complaint in the trial court requesting a divorce from Ronald. (Doc. No. 1).[1] On August 18, 2015, Ronald filed his answer and counterclaim for divorce. (Doc. No. 24). The parties have two children born as issue of the marriage, one of whom was a minor both at the time of the filing of the complaint and at the date of the final hearing. (Doc. Nos. 1, 24, 99). On April 19, 2016, the final divorce hearing was held before a magistrate. (Doc. No. 99). On May 9, 2016, the magistrate issued her findings and recommendations. (*Id.*).

{¶3} The magistrate found that the parties were entitled to a divorce on the grounds of incompatibility. (*Id.*). In pertinent part, the magistrate recommended that Ronald retain the business, Siferd Plumbing, Heating, Air Conditioning Service Co., LLC, and its associated real estate. (*Id.*). The magistrate also recommended that Ronald retain the residential real estate, which was located adjacent to the commercial property. (*Id.*). Further, the magistrate recommended that Ronald be

---

[1] This Court recited much of the factual and procedural background of this case in the first two appeals in this matter. *See Siferd v. Siferd*, 3d Dist. Hancock No. 5-17-04, 2017-Ohio-8624 and *Siferd v. Siferd*, 3d Dist. Hancock No. 5-18-05, 2018-Ohio-3616. Accordingly, we will not duplicate all of those efforts here.

-2-

awarded all of the debts of the parties, which totaled $735,848.22 and included Heather's student loan debt. (*Id.*).

{¶4} Furthermore, the magistrate determined that an award of spousal support was appropriate and ordered that Ronald pay Heather $2,000 a month in spousal support for 60 months following the emancipation of the parties' youngest child. (*Id.*). To account for the $300 a month that Heather owed Ronald in child support, the magistrate reduced Ronald's monthly spousal support obligation to $1,700 per month from the date of the divorce decree until June 2017, at which time the parties' youngest child would reach the age of majority. (*Id.*). Then, commencing on July 1, 2017, and continuing for the next five years, Heather was to receive $2,000 a month in spousal support from Ronald. (*Id.*).

{¶5} On July 11, 2016, Ronald filed objections to the magistrate's findings and recommendations. (Doc. No. 115). On December 21, 2016, the trial court overruled Ronald's objections. (Doc. No. 132). On December 30, 2016, the trial court filed its divorce decree and adopted the magistrate's findings and recommendations. (Doc. No. 134).

{¶6} On January 27, 2017, Ronald appealed the trial court's order. (Doc. No. 143). In *Siferd v. Siferd*, 3d Dist. Hancock No. 5-17-04, 2017-Ohio-8624 ("*Siferd I*"), this Court found merit in several of Ronald's assignments of error. *Id.* at ¶ 62. Specifically, this Court made the following conclusions:

(1)   that the trial court's decision to award all of Heather's student loan debt to Ronald was not supported by facts in the record; (2) that the trial court's decision to award all of Ronald and Heather's tax liabilities to Ronald alone was not supported by facts in the record; (3) that the trial court's calculation of Heather's spousal support was not supported by facts in the record; (4) that the computation of Ronald's child support obligation could, on remand, be affected if the trial court adjusted Heather's spousal support; and (5) that the deviation from the statutory schedule in child support may need to be reevaluated if the trial court adjusted Heather's spousal support.

*Siferd v. Siferd*, 3d Dist. Hancock No. 5-18-05, 2018-Ohio-3616, ¶ 9 ("*Siferd II*"), citing *Siferd I* at ¶ 62.  We then remanded the case to the trial court for further consideration in accordance with our decision.  *Siferd I* at ¶ 62.

{¶7} On remand, on January 9, 2018, the trial court issued its second decision and order on Ronald's objections to the magistrate's decision.  (Doc. No. 152).  In its decision, the trial court determined that (1) Ronald engaged in financial misconduct and should therefore be solely responsible for the parties' joint income tax liability; (2) liability for Heather's student loan debt should be reallocated to her; (3) the award of spousal support to Heather was appropriate; (4) the previous award of child support did not need to be recalculated; and (5) the deviation from the

statutory amount of child support did not need to be readjusted. (*Id.*). *See Siferd II* at ¶ 10.

{¶8} On March 16, 2018, Ronald filed his second notice of appeal. (Doc. No. 157). *See Siferd II* at ¶ 11. In *Siferd II*, Ronald asserted four assignments of error. *Siferd II* at ¶ 11. Pertinent to the present appeal, in his third assignment of error, Ronald argued that the trial court abused its discretion by awarding Heather $2,000 a month in spousal support for 60 months after the parties' youngest child reached the age of majority. *Id.* Specifically, he argued that the amount of spousal support covered nearly all of Heather's monthly expenses and gave no consideration to her income or potential income. *Id.* In his fourth assignment of error, Ronald argued that the trial court erred by deviating from the statutory child support calculation when determining Heather's child support obligation. *Id.* This court sustained Ronald's third assignment of error and found that "[o]n remand [after our decision in *Siferd I*], the trial court declined to modify the award of spousal support or clarify how the amount of [the] award is justified by the rationale used by the magistrate." *Id.* at ¶ 27. This court also sustained Ronald's fourth assignment of error and remanded the issue of child support to the trial court for further reconsideration. *Id.* at ¶ 35.

{¶9} Following our second remand, on February 6, 2019, the trial court filed a judgment entry stating that the parties were unable to resolve the remaining issues

by agreement. (Doc. No. 166). The trial court then requested that the parties file memoranda outlining their arguments and positions. (*Id.*). On February 20, 2019, the parties filed their respective memoranda with the trial court. (Doc. Nos. 167, 168).

{¶10} On August 1, 2019, the trial court issued its third decision and order on Ronald's objections to the magistrate's decision. (Doc. No. 169). In its decision, the trial court determined that the $2,000 monthly award of spousal support was appropriate. (*Id.*). The trial court also determined that the previous award of child support did not need to be readjusted. (*Id.*). On October 4, 2019, the trial court filed a judgment entry reflecting its decision. (Doc. No. 173).

{¶11} On November 4, 2019, Ronald filed his third notice of appeal. (Doc. No. 175). He raises one assignment of error for our review.

## Assignment of Error

**The trial court abused its discretion in affirming a magistrate's decision awarding spousal support in the amount of $2,000.00 per month which covers nearly all of the monthly expenses of the recipient spouse where the rationale of the magistrate for the spouse [sic] support award was the financial need of the recipients [sic] but no consideration was given as to the factual finding of the voluntary unemployment of the Appellee contributing to the financial need by failing to explain why the spousal support award which in essence eliminates the need for the recipient spouse to contribute to her own support is appropriate and reasonable.**

{¶12} In his assignment of error, Ronald argues that the trial court abused its discretion by adopting the magistrate's recommendation, which awarded Heather

$2,000 per month in spousal support for a term of 60 months. Ronald argues that the trial court failed to follow this Court's directive by upholding the magistrate's recommendation that Heather receive a $2,000 monthly spousal support award for 60 months on remand.

{¶13} A party to a divorce proceeding may request an award of spousal support. R.C. 3105.18(B). "'Pursuant to R.C. 3105.18, a reasonable amount of spousal support should be awarded when appropriate.'" *Siferd I*, 2017-Ohio-8624, at ¶ 39, quoting *Jordan v. Jordan*, 3d Dist. Hancock No. 5-03-07, 2003-Ohio-7116, ¶ 14. "R.C. 3105.18 'directs a trial court to use the factors to determine whether spousal support is "appropriate and reasonable," not whether it is "necessary."'" *Id.*, quoting *Muckensturm v. Muckensturm*, 3d Dist. Hancock No. 5-11-38, 2012-Ohio-3062, ¶ 20, citing *Chaudhry v. Chaudhry*, 9th Dist. Summit No. 15252, 1992 WL 74204, *3 (Apr. 8, 1992). "'Each of the factors under R.C. 3105.18(C)(1) relates, either directly or indirectly, to the obligee spouse's need or the obligor spouse's ability to pay support.'" *Roychoudhury v. Roychoudhury*, 3d Dist. Union No. 14-14-19, 2015-Ohio-2213, ¶ 19, quoting *Abbott v. Abbott*, 6th Dist. Fulton No. F-06-020, 2007-Ohio-5308, ¶ 78. "'[I]n making a spousal support award, a trial court must "consider all of the relevant factors in [R.C. 3105.18] * * * then weigh the need for support against the ability to pay."'" *Id.*, quoting *Sears v. Sears*, 5th

Dist. Knox No. 12-CA-09, 2012-Ohio-5968, ¶ 27, quoting *Layne v. Layne*, 83 Ohio App.3d 559, 562-563 (2d Dist.1992).

{¶14} The fourteen factors under R.C. 3105.18(C) include:

(a)   The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(b)   The relative earning abilities of the parties;

(c)   The ages and the physical, mental, and emotional conditions of the parties;

(d)   The retirement benefits of the parties;

(e)   The duration of the marriage;

(f)   The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g)   The standard of living of the parties established during the marriage;

(h)   The relative extent of education of the parties;

(i)   The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j)   The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k)   The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l)   The tax consequences, for each party, of an award of spousal support;

(m)   The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n)   Any other factor that the court expressly finds to be relevant and equitable.

R.C. 3105.18(C)(1)(a)-(n).   "'[O]nce the factors of R.C. 3105.18 have been considered, the amount of spousal support is within the sound discretion of the trial court.'" *Siferd I* at ¶ 39, quoting *Jordan* at ¶ 14, citing *Young v. Young*, 9th Dist. Lorain No. 93CA005554, 1993 WL 548765 (Dec. 29, 1993). "The award must nonetheless be equitable in light of the factors in each case." *Roychoudhury* at ¶ 21.

"Trial courts are given broad discretion in determinations involving spousal support." *Siferd I* at ¶ 40, citing *Muckensturm* at ¶ 16. Accordingly, a trial court's decision regarding spousal support will not be reversed absent an abuse of discretion. *Id.* An abuse of discretion is more than an error in judgment; rather, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "When applying the abuse of discretion standard of review, this court is not free merely to substitute its judgment for that of the trial court." *Kreitzer v. Anderson*, 157 Ohio App.3d 434, 2004-Ohio-3024, ¶ 16 (3d Dist.).

{¶15} Ronald argues that the trial court erred by failing to follow the directives contained in our decisions in *Siferd I* and *Siferd II*. As a result, it is necessary to briefly examine our holdings in *Siferd I* and *Siferd II*. In *Siferd I*, this Court reviewed the trial court's initial spousal support award of $2,000 per month and determined that "the facts in the record do not make the appropriateness or reasonableness of this level of spousal support apparent * * *." *Siferd I*, 2017-Ohio-8624, at ¶ 42. In support of our determination, we noted that the level of spousal support awarded by the trial court covered nearly all of Heather's expenses in spite of the fact that Ronald was awarded nearly all of the parties' debts. *Id.* at ¶ 43. At the final hearing, Heather testified that her personal monthly expenses totaled $2,025. *Id.* at ¶ 42. Thus, we reasoned, the spousal support order was only $25.00

short of covering all of Heather's monthly personal expenses. *Id.* at ¶ 43. Moreover, because the trial court awarded Ronald all of the parties' debts, including Heather's student loan debt, we noted that it appeared that the initial trial court order made Ronald responsible for both parties' past debts, as well as their living expenses for the next five years. *Id.* We also found that the trial court did not account for how Heather contributed to her financial situation through her voluntary unemployment. *Id.*

{¶16} Additionally, we found that although the trial court mentioned Heather's imputed income in its spousal support analysis, the trial court's decision on spousal support did not appear to account for the proper income imputed to Heather. *Id.* at ¶ 44. Specifically, we noted that the sum of Heather's imputed annual income of $18,720 and annual spousal support award of $24,000 totaled $42,720. *Id.* However, Heather testified at the final hearing that she was able to cover the living expenses for the entire family of four with $800 weekly, which equates to $41,600 per year. *Id.* Thus, we noted that under the original trial court order, Heather was "given more provision than this to cover the living expenses of one person." *Id.* Accordingly, we found that "[t]he decision of the trial court to give Heather $2,000.00 a month [in spousal support] is incongruous with the facts contained in the record." *Id.* at ¶ 45. Thus, we reasoned that the trial court's decision did not clarify the rationale for the level of spousal support awarded to

Heather given the larger context of the facts of the case. *Id.* Accordingly, because we found that the trial court's decision was not properly supported by the record, we found that the trial court abused its discretion and we remanded the issue of spousal support and the interrelated issue of child support to the trial court to reconsider and clarify its determination. *Id.* at ¶ 45, 50.

{¶17} On remand, the trial court found that Ronald's "significant and inexcusable lack of accounting * * * [and] apparent inaccurate account of business income accounts" justified Ronald retaining sole responsibility for the parties' tax debt. (Doc. No. 152). However, the trial court reallocated Heather's student loan debt, which had initially been awarded to Ronald, to Heather. (*Id.*). With respect to spousal support, the trial court upheld its previous award of $2,000 monthly for 60 months. (*Id.*). Regarding the issue of how Heather's voluntary unemployment contributed to her "financial needs," the trial court stated the following:

> [The] Third District reasoned that this Court failed to adequately explain why Plaintiff's income potential should not be $16.82 per hour * * *. However, in considering this issue in Defendant's third assignment of error, the Third District found no abuse of discretion in this Court's determination of the impact of voluntary unemployment and determination that her potential income is $9.00 per hour * * *.

(*Id.*). The trial court also stated that the $2,000 monthly spousal support award represented "a reduction of spousal support from Defendant to Plaintiff from $3,200 per month to $2,000.00 per month." (*Id.*).

{¶18} On appeal from this decision, this Court found in *Siferd II* that "the trial court declined to modify the award of spousal support or clarify how the amount of this award is justified by the rationale used by the magistrate." *Siferd II*, 2018-Ohio-3616, at ¶ 27. With respect to the issue of Heather's voluntary unemployment, we stated that in *Siferd I*, we did not examine Heather's previous employment at Roki America ("Roki"), where she earned $16.82 an hour, in reference to Heather's imputed income. *Id.* Rather, we considered Heather's employment at Roki with respect to Heather's financial need. *Id.*

{¶19} We also found that the analysis of the trial court did not account for Heather's imputed income. *Id.* at ¶ 28. We found that by making the statement that the $2,000 monthly spousal support award represented "a reduction of spousal support from Defendant to Plaintiff from $3,200.00 per month to $2,000.00 per month," the trial court "clearly revealed that it did not factor in Heather's relative earning ability, i.e. her imputed income" because the trial court "only mentioned the funds coming from Ronald to Heather each month." *Id.*

{¶20} In *Siferd II*, we further found that although the trial court "properly analyzed the generic appropriateness of a spousal support award," "[t]he issue on

remand was not whether an award of spousal support was appropriate but what level of spousal support, under these circumstances, was appropriate." *Id.* at ¶ 29. Accordingly, we concluded that "[t]he trial court did not adjust the amount of Ronald's spousal support obligation to reflect the rationale offered by the magistrate and the facts of this specific case" and remanded the issue of spousal support to the trial court for further reconsideration. *Id.* at ¶ 29, 36.

**{¶21}** Ronald argues that the trial court erred by failing to follow this Court's instruction on remand. Specifically, Ronald argues that the trial court failed to follow the directives set out in *Siferd I* and *Siferd II* because it failed to modify the spousal support award. However, in *Siferd II*, this Court stated that, after our remand in *Siferd I*, the trial court had "declined to modify the award of spousal support *or* clarify how the amount of this award is justified by the rationale used by the magistrate." (Emphasis added.) *Siferd II*, 2018-Ohio-3616, at ¶ 27. Even though Ronald argues that this Court mandated the trial court to reduce the level of the spousal support award in *Siferd I* and *Siferd II*, we conclude that our remand order directed the trial court to comply with our decision by modifying the spousal support award *or* by clarifying how the award is justified by the rationale used by the magistrate.

**{¶22}** In *Siferd I* and *Siferd II*, we raised concern that a monthly award of $2,000 covered all but $25 in Heather's monthly expenses. On remand from our

decision in *Siferd II*, however, the trial court again upheld the $2,000 monthly spousal support award initially recommended by the magistrate, but provided clarification of its rationale. (Doc. No. 169). The trial court explained that the monthly spousal support award of $2,000 was based partly on Heather's minimum monthly expenses which totaled $2,025. (*Id.*). The trial court found that "[Heather's] expenses of $2,025.00 per month are only her minimum expenses at the time of hearing and do not include other reasonable expenses and costs that were then being paid by [Ronald]" including her phone bill, medical insurance, and auto insurance. (*Id.*). The trial court noted that Heather's expenses for things such as clothing, entertainment, and home maintenance were not included in the $2,025 figure. (*Id.*). Furthermore, the trial court specified that the $2,025 figure did not include the costs associated with Heather's student loan debt, which had originally been allocated to Ronald. (*Id.*). Accordingly, the trial court clarified that the $2,000 spousal support award does not cover all but $25 of Heather's monthly expenses.

{¶23} Additionally, in its decision on remand from our decision in *Siferd II*, the trial court stated that when it determined the appropriate level of spousal support, it considered all of the mandatory factors set forth in R.C. 3105.18 including the duration of the marriage, Heather's education and earning abilities, and the parties' standard of living during the marriage. (*Id.*). The trial court clarified that it considered Heather's imputed income when evaluating her earning potential and her

standard of living during the marriage, but found that without significant support from Ronald, she could not maintain a lifestyle "anything close" to the standard of living established during the marriage without "significant support" from Ronald. (*Id.*). This statement also implies that the trial court considered Heather's voluntary unemployment in fashioning the spousal support award. *Newcomer v. Newcomer*, 6th Dist. Lucas No. L-11-1183, 2013-Ohio-5627, ¶ 29. Therefore, the trial court provided clarification that it considered Heather's imputed income and the mandatory factors set forth in R.C. 3105.18. *See Roychoudhury*, 2015-Ohio-2213, at ¶ 19. Accordingly, we conclude that the trial court complied with our directives on remand.

{¶24} Having concluded that the trial court complied with our directives on remand, we conclude that the trial court did not abuse its discretion by clarifying its rationale and adopting the monthly spousal support award of $2,000. *Siferd I*, 2017-Ohio-8624, at ¶ 39.

{¶25} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW, P.J. and ZIMMERMAN, J., concur.**

**/jlr**