OPINION *Page 2 
{¶ 1} Appellant Noel Houk appeals from the judgment of the Licking County Court of Common Pleas, Domestic Relations Division, following our prior remand in the parties' divorce case. Appellee Barbara Spring-Houk is appellant's former spouse. The relevant facts leading to this appeal are as follows.
 {¶ 2} On December 25, 1991, Appellant Noel Houk and Appellee Barbara Spring-Houk were married. No children were born of the marriage. On July 19, 2005, appellant filed a complaint for divorce. Hearings were held on April 20, and June 30, 2006. The trial court issued a judgment entry decree of divorce on March 14, 2007.
 {¶ 3} Appellant thereupon appealed to this Court. We issued our decision, reversing in part and remanding in part, on December 3, 2007. See Houk v. Spring-Houk, Licking App. No. 07CA0046, 2007-Ohio-6472("Houk I"). We therein held the trial court had not erred in (1) determining that appellee had a separate property interest in the real estate proceeds from certain property on Mt. Vernon Road (Id. at ¶ 22), (2) making a valuation of the Buick automobile (id. at ¶ 35), and (3) ordering appellant to pay attorney's fees to appellee (id. at ¶ 42). However, we held the trial court's computation of appellant's Edward Jones account had been erroneous, and instead concluded the Edward Jones account was worth $18,831.00 and appellant's retirement account was worth $18,000.00. We therefore "remand[ed] the issue of distribution of assets consistent with our findings." Id. at ¶ 31.
 {¶ 4} Upon remand, the trial court reviewed the matter and issued the following modification to the divorce decree: *Page 3 
 {¶ 5} "2. PENSION/RETIREMENT ACCOUNTS
 {¶ 6} "The plaintiff has a retirement account of $18,000.00. In addition, the plaintiff has an Edward Jones Account with a current marital value of $18,831.00. Defendant has a retirement account with Sofa Express worth $10,898.00. (Please see the attached Asset Debt Liability sheet marked as exhibits `1' and `2'. Said exhibits are incorporated as if fully written herein and shall be considered as the Court's finding).
 {¶ 7} "In so ordering, the Court finds this division of the assets, while not necessarily equal, to be equitable.
 {¶ 8} "All other provisions of the Judgment Entry Decree of divorce shall remain in full force and effect." Judgment Entry, February 1, 2008, at 2.
 {¶ 9} On February 25, 2008, appellant filed a notice of appeal. He herein raises the following two Assignments of Error:
 {¶ 10} "I. THE TRIAL COURT ERRED IN IGNORING ON REMAND ITS EARLIER DECISION THAT $20,677.00 OF THE EDWARD JONES ACCOUNT WAS THE APPELLANT'S SEPARATE PROPERTY.
 {¶ 11} "II. THE TRIAL COURT ERRED IN NOT EXAMING (SIC) ITS PREVIOUS ORDERS, INCLUDING SPOUSAL SUPPORT AND ATTORNEY'S FEES, IN LIGHT OF THE REMAND FROM THIS COURT."
 I. {¶ 12} In his First Assignment of Error, appellant contends the trial court erred in failing to uphold, on remand, its earlier decision regarding the separate property portion of the Edward Jones account. We agree. *Page 4 
 {¶ 13} In the original decree of divorce filed March 14, 2007, the trial court had found that appellant had a retirement account of $18,000.00, as well as an Edward Jones account worth $88,240.00. The trial court had also found that because of appellant's premarital contribution of $20,677.00, the Edward Jones account had amarital value of $67,563.00. Divorce Decree at 2. The trial court had also determined that appellee had a retirement account worth $10,898.00, and had ultimately awarded each party "one half the value of the other's accounts." Id. at 3.
 {¶ 14} In analyzing the issue in Houk I, we reviewed the various extant Edward Jones documents in the record, and found the trial court's acceptance of the January 2002 figure of $88,240.55 from Defendant's Exhibit O to be "clearly incorrect." Houk I at ¶ 31. We thus stated: "We find the trial court's computation is in error and conclude the Edward Jones account to be worth $18,831.00 and the retirement account to be worth $18,000.00. We therefore remand the issue of distribution of assets consistent with our findings." Id.
 {¶ 15} In essence, the trial court had originally reduced the Edward Jones account valuation from $88,240.00 to $67,563.00 because of the trial court's finding of a $20,677.00 premarital contribution; we agree with appellant's present position that said premarital contribution cannot be ignored on remand, in relation to the corrected $18,831.00 Edward Jones figure, absent stated reasoning by the trial court.
 {¶ 16} Appellant's First Assignment of Error is sustained, and the issue of the $20,677.00 premarital contribution is remanded for purposes of recalculating or clarifying the division of marital property. *Page 5 
 II. {¶ 17} In his Second Assignment of Error, appellant argues the trial court erroneously failed to properly examine its previous orders, particularly spousal support and attorney fees, following our remand as to marital property. We agree.
 {¶ 18} 3105.18(B) states as follows: "In divorce and legal separation proceedings, upon the request of either party and after the court determines the division or disbursement of property under section 3105.171 of the Revised Code, the court of common pleas may award reasonable spousal support to either party." (Emphasis added). Thus, the General Assembly has mandated that the spousal support calculation, if any, must await the determination of property division. See, also,Jendrusik v. Jendrusik, Belmont App. No. 00BA54, 2001-Ohio-3377. In addition, R.C. 3105.73(A) reads as follows: "In an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that action, a court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate." (Emphasis added).
 {¶ 19} Accordingly, although it was merely implicit in our directive in Houk I, we hold the prior remand in this case warranted at least a basic reassessment by the trial court of its award of spousal support and attorney fees. We therefore remand this matter for those additional purposes.
 {¶ 20} Appellant's Second Assignment of Error is sustained. *Page 6 
 {¶ 21} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Licking County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
Wise, P. J. and Delaney, J., concurs.
 Edwards, J., concurs separately. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Licking County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
 Costs to appellee. *Page 7