[Cite as *Snider v. Snider*, 2013-Ohio-1168.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| MARY SUSAN SNIDER | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| CHARLES PATRICK SNIDER | : | Case No. 11-CA-58 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:   Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 98 DR 00103

JUDGMENT:   Affirmed

DATE OF JUDGMENT:   March 25, 2013

APPEARANCES:

For Plaintiff-Appellee

KRISTI R. MCANAUL
660 Hill Road North
P.O. Box 220
Pickerington, OH  43147

For Defendant-Appellant

DEAN L. WILSON
P.O. Box 340
Zanesville, OH  43702-0340

*Farmer, J.*

{¶1}    Appellant, Charles Patrick Snider, and appellee, Mary Susan Snider, were divorced on July 20, 1998 pursuant to an agreed judgment entry divorce decree. Appellant was required to maintain health insurance on the parties' two children and pay one-half of any medical expenses not covered by insurance.

{¶2}    On April 11, 2011, appellee filed a motion for contempt against appellant for failure to pay for health insurance coverage and one-half payment of medical expenses as agreed to in the divorce decree. A hearing was held on September 29, 2011. By entry filed October 14, 2011, the trial court found appellant in contempt, and sentenced him to thirty days in jail or gave him the option to purge himself of contempt by paying appellee $11,315.36 by November 28, 2011.

{¶3}    Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶4}    "THE COURT ABUSED IT'S DISCRETION BY HOLDING THE APPELLANT IN CONTEMPT OF COURT BECAUSE OF THE APPELLANT'S LACK OF NOTICE OF THE AMOUNT DUE TO APPELLEE."

I

{¶5}    Appellant claims the trial court abused its discretion in finding him in contempt as he was unaware of the amount due appellee. We disagree.

{¶6}    An appellate court's standard of review of a trial court's contempt finding is abuse of discretion. *State ex rel. Celebrezze v. Gibbs,* 60 Ohio St.3d 69 (1991). In order to find an abuse of discretion, we must determine the trial court's decision was

unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶7} In its October 14, 2011 entry finding appellant guilty of contempt, the trial court found the following:

1. The Defendant is found to be found in Contempt of Court for not obeying the prior Orders of this Court to pay one-half (1/2) of the medical, dental, and optometric expenses of the minor children, to include, not providing for health care insurance over the past six (6) years. Defendant is sentenced to thirty (30) days in jail beginning on November 28, 2011.

2. Defendant may purge himself of contempt by paying prior to November 28, 2011 the sum of $11,315.36.

3. Said sum is calculated by taking the sum of:

$   3,313.84 (for non-payment of medical expenses), plus
$   1,000.00 attorney's fee, plus
$      150.00 court costs, plus
$   6,851.52 (1/2 of plaintiff's medical insurance costs for the minor
                      children) for the past six (6) years.
$  11,315.36 TOTAL

{¶8} Appellant testified he paid health insurance on the children until 2004, and he never paid anything for medical expenses because he never received a bill. T. at 10. When asked by the trial court why he did not maintain health insurance on the children as mandated by the divorce decree, appellant stated, "[b]ecause she was supposed to carry it if I didn't come up with it. If I couldn't carry it, she was supposed to carry it." T.

at 18-19.  Nowhere in the agreed divorce decree does it state appellee was responsible to maintain health insurance for the children if appellant was unable to do so.

{¶9}    Appellee testified she has paid the medical expenses for the children for the past six to seven years.  T. at 11.  She "sent him letters before" regarding the medical expenses.  *Id.*  Appellee produced receipts of the medical bills she has paid over the years (Plaintiff's Exhibit A).  T. at 12-13.  She also testified to the amounts deducted from her paycheck for health insurance for the children.  T. at 14-15.

{¶10}  Given that appellant admitted to not maintaining health insurance for the children since 2004 and has not paid any medical expenses for the children as per the agreed divorce decree, we find the trial court did not abuse its discretion in finding appellant in contempt of court.

{¶11}  The judgment of the Court of Common Pleas of Fairfield County, Ohio, Domestic Relations Division is hereby affirmed.

By Farmer, J.

Hoffman, P. J. and

Wise, J. concur.

s/ Sheila G. Farmer_____

s/ William B. Hoffman_____

s/ John W. Wise_____

JUDGES

SGF/sg 305

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT

MARY SUSAN SNIDER              :

      Plaintiff-Appellee          :

-vs-                        :          JUDGMENT ENTRY

CHARLES PATRICK SNIDER    :

      Defendant-Appellant     :          CASE NO. 11-CA-58

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, Domestic Relations Division is affirmed. Costs to appellant.

s/ Sheila G. Farmer_____

s/ William B. Hoffman_____

s/ John W. Wise_____

JUDGES